# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Alicia Morales<br><br>Plaintiff(s)<br><br>v.<br><br>Novo Nordisk, Inc., Novo Nordisk A/S and Eli Lilly and Company<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.:  2:26-cv-1225 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Alicia Morales                                                         .

2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A                                                              ,
as N/A                                    of the estate of N/A                              , deceased.

3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A                                                         .

4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A                                                                    .

**Defendant(s)**

5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

      ✓    Novo Nordisk Inc.

      ✓    Novo Nordisk A/S

      ✓    Eli Lilly and Company

      _____    Lilly USA, LLC

      _____    other(s) (identify):

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

La Feria, Texas

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Texas

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Texas

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

La Feria, Texas

10.     Jurisdiction is based on:

   ___✓___     diversity of citizenship pursuant to 28 U.S.C. § 1332

   _____     other (plead in sufficient detail as required by applicable rules):

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

U.S. District Court for the Southern District of Texas

3

12.     Venue is proper in the District Court identified in Paragraph 11 because:

_____✓_____ a substantial part of the events and omissions giving rise to Plaintiff(s)'

claims occurred there;

_____ other (plead in sufficient detail as required by applicable rules):

13.     If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

      __✓__    Ozempic (semaglutide)

      _____    Wegovy (semaglutide)

      _____    Rybelsus (oral semaglutide)

      _____    Saxenda (liraglutide)

      _____    Trulicity (dulaglutide)

      __✓__    Mounjaro (tirzepatide)

      _____    Zepbound (tirzepatide)

      _____    other(s) (identify):

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic Usage: July 2023 - February 2024
Mounjaro Usage: March 2024 - August 2025

5

## **INJURIES AND DAMAGES**

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

____✓____   Gastroparesis

_____   Other gastro-intestinal injuries (specify):

_____

_____   Ileus

_____   Ischemic Bowel/Ischemic Colitis

____✓____   Intestinal Obstruction

_____   Necrotizing Pancreatitis

_____   Gallbladder Injury (specify)

_____   Micronutrient Deficiency

_____   Wernicke's encephalopathy

_____   Aspiration

_____   Death

_____   Additional/Other(s) (specify):

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Large Bowel Obstruction: February 2025
Gastroparesis: September 2025

6

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

_____✓_____ Injury to self

_____ Injury to person represented

_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify):

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    __✓__   Court I:       Failure to Warn – Negligence

    _____   Count II:     Failure to Warn – Strict Liability

    __✓__   Count III:    Breach of Express Warranty/Failure to Conform to Representations

    __✓__   Count IV:    Breach of Implied Warranty

    __✓__   Count V:     Fraudulent Concealment/Fraud by Omission

    __✓__   Count VI:    Fraudulent/Intentional Misrepresentation

    __✓__   Count VII:   Negligent Misrepresentation/Marketing

    _____   Count VIII:  Strict Product Liability Misrepresentation/Marketing

    _____   Count IX:    Innocent Misrepresentation/Marketing

    __✓__   Count X:     Unfair Trade Practices/Consumer Protection (see below)

    _____   Count XI:    Negligence

    _____   Count XII:   Negligent Undertaking

    _____   Count XIII:  State Product Liability Act (see below)

    _____   Count XIV:  Wrongful Death

    _____   Count XV:   Loss of Consortium

    _____   Count XVI:  Survival Action

    _____   Other(s)   (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        Texas Deceptive Trade Practices Act § 17.46(a) and § 17.50(a)(3)

    b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

        See Attached Exhibit A

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

      a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

      N/A

      b.   Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

      N/A

      c.   Identify the factual allegations supporting those claims:

      N/A

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? N/A ☐. If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: 2/25/2026

William H. Mapes, Bar #97907
Alex C. Davis, Bar #94899

By:

Alex Davis Law Office PSC

445 Baxter Avenue, Suite 275

Louisville, KY 40204

will@acdavislaw.com

alex@acdavislaw.com

Phone: (502) 882-6000

Name(s), Bar Number(s), Law Firm(s),
Mailing Address(es), Email Address(es),
and Phone Number(s) of Attorney(s)
representing Plaintiff(s).